# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| RICARDO POOLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:13-cv-01265-JHH-JEO |
| ) | |
| VICTORRUS FELDER, *et al*., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Ricardo Poole, hereinafter referred to as the plaintiff, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged during his incarceration at the Donaldson Correctional Facility in Bessemer, Alabama. Named as defendants in the complaint are Warden Cheryl Price; Correctional Officer Morris Rogers; and Correctional Officer Victorrus Felder. The plaintiff seeks compensatory and punitive damages, as well as declaratory relief, for alleged excessive force. In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Thus, under § 1915A, the court may *sua sponte* dismiss a prisoner's complaint prior to service. Nevertheless, in order to protect a

*pro se* prisoner's right of access to the courts, these complaints are read by less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).

## PLAINTIFF'S FACTUAL ALLEGATIONS

The plaintiff is an inmate in the custody of the Alabama Department of Corrections, and is presently housed in the Holman Correctional Facility in Atmore, Alabama. His claims in this action are based upon events alleged to have occurred at the Donaldson Correctional Facility on September 20, 2011. On that date, defendants Felder and Rogers appeared at the plaintiff's cell to conduct a "shakedown" and ordered the plaintiff and his cellmate to lay face down on their assigned bunks. (Doc. #1, p. 7). The plaintiff complied with the order by laying face down on the top bunk as directed. *Id*. Despite the plaintiff's compliance, defendant Felder came toward him and attempted to punch him in the head, but failed to land the first blow. *Id*. Felder then took a second swing and landed a blow to the plaintiff's right ear, causing the plaintiff to lose the ability to hear from that ear. *Id*. Felder then began to question the plaintiff and his cellmate about gang activity at the Donaldson facility, and he and Rogers conducted a "strip search shakedown." Afterward, the plaintiff advised Felder that he was unable to hear out of the ear and that he wanted to see a supervisor. Felder denied his request and eventually locked him back in his cell after searching the cell for contraband.

Later that day, the plaintiff advised other officers that he needed medical assistance, and that he could not hear out of his right ear. (Doc. #1, p. 8). He was eventually taken to the infirmary where the nurse noted blood in his right ear. The next day, he was examined by a physician who diagnosed a "burst/perforated right eardrum" and prescribed medications.

## DISCUSSION

The Eighth Amendment's prohibition against cruel and unusual punishment is triggered when a prisoner is subjected to an "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). When force is applied by prison officials, any Eighth Amendment inquiry must concentrate on whether the force was applied in a good faith effort to maintain discipline, or was carried out maliciously or sadistically for the purpose of causing harm. *Id*. at 320. In *Hudson v. McMillian*, the Supreme Court set out certain factors that should be considered in evaluating whether the use of force was wanton and unnecessary. They include: 1) the need for the application of force; 2) the relationship between the need and the amount of force used; 3) the threat reasonably perceived by the prison official; 4) any efforts made to temper the severity of a forceful response; and 5) the extent of the injury suffered by the inmate. 503 U.S. 1, 7 (1992).[1]

Applying these standards to the facts set forth in the complaint, it is clear that the plaintiff has initially stated a claim of excessive force against Officer Felder. The complaint indicates the plaintiff had not caused a disturbance and was not acting in a threatening manner towards the officers, and that he had complied with Felder's directive to lay face down on his bunk. Based upon the facts as alleged, it does not appear that the plaintiff could have reasonably been considered a threat to the officers at the time, or that there was any other need for the use of force on that occasion, much less to the extent administered by Felder. Furthermore, the plaintiff has alleged serious injury resulting from the encounter. Accordingly, the magistrate judge recommends that the excess force claim against defendant Victorrus Felder be referred to the undersigned for further proceedings.

---

[1] The Court in *Hudson* made it clear that the absence of serious injury is relevant to an Eighth Amendment inquiry but is not conclusive. 503 U.S. at 7.

The plaintiff also names Officer Morris Rogers as a defendant in this matter. However, he makes no direct allegation against Officer Rogers except that he was present in the cell at the time the alleged incident took place. It is true that a guard may become liable for nonfeasance under § 1983 if he fails to take reasonable steps to intervene when other guards use excessive force upon an inmate. *See Ensley v. Soper*, 142 F.3d 1402, 1407-08 (11th Cir. 1998). However, in order for liability to attach, the officer must have actually been in a position to intervene. *Id*.; *see also Thompson v. Boggs*, 33 F.3d 847 (7th Cir. 1994). Unless a guard has a "realistic opportunity" to prevent an attack, he cannot be held liable under § 1983. *Thompson*, supra. In this instance, there is no allegation that Rogers took part in the alleged excessive force, and nothing in the complaint to indicate that Rogers was in a position to prevent the use of force.[2] Accordingly, the magistrate judge finds that the plaintiff has failed to state a claim against defendant Morris Rogers and therefore recommends the claim against him be dismissed pursuant to 28 U.S.C. 1915A(b)(1).

The plaintiff also names Warden Cheryl Price as a defendant. However, the claim against Warden Price is based solely on the bare allegation that she failed to "adequately teach, train, & supervise" defendants Felder and Rogers regarding the "hands off" policy established at the Donaldson Facility. (Doc. #1, p. 10). This allegation is vague and conclusory and insufficient to state a constitutional claim against Warden Price. *See Gonzalez v. Reno*, 325 F.3d 1228 (11th Cir. 2003) ("A complaint will be dismissed as insufficient where the allegations it contains are vague and conclusor"); *quoting Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).

---

[2] The Court in *Thompson*, supra, recognized that where there is not a prolonged encounter and where the evidence demonstrates that an incident happened quickly, an observing officer cannot be expected to successfully intervene.

It is well established that "[t]here is no *respondeat superior* liability under § 1983." *Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995) (*citing Monell v. Department of Social Services*, 436 U.S. 658, 690-92 (1978). "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Braddy v. Florida Dept. of Labor and Employment Security*, 133 F.3d 797, 802 (11th Cir. 1998). Supervisory personnel may be held accountable for the constitutional violations of their subordinates upon proof that they (1) were directly involved in the wrongdoing; (2) failed to remedy a wrong after learning of it through report or appeal; (3) created or allowed a policy under which the violation occurred; or (4) were grossly negligent in managing the subordinates who caused the wrongdoing. *Williams v. Smith,* 781 F.2d 319, 323 (2d Cir. 1986).

In this instance, the plaintiff has failed to assert specific facts which satisfy one of the above criteria for stating a claim against Warden Price. Although the plaintiff states in conclusory fashion that Warden Price failed to train officers Felder and Rogers, "a supervisory official is not liable under § 1983 for a failure to train unless that failure to train amounts to deliberate indifference." *Thomas v. Poveda*, 518 Fed. Appx. 614, 618 (11th Cir. 2013) (citing *Belcher v. City of Foley, Ala.*, 30 F.3d 1390, 1397 (11th Cir. 1994)). In order to establish deliberate indifference in that regard, the plaintiff must assert factual allegations which show that Warden Price was "aware of the need to train or supervise [her] [subordinates] in a particular area." *American Federation of Labor and Congress of Industrial Organizations v. City of Miami, FL*, 637 F.3d 1178 (11th Cir. 2011). This is ordinarily accomplished by setting forth evidence that supervisory personnel were made aware of "[a] pattern of similar constitutional violations by untrained employees." *Connick v. Thompson*, 131 S.Ct. 1350, 1360 (2011). In this instance, the plaintiff merely alleges the ultimate conclusion that Warden Price

was deliberately indifferent, without showing that she was aware of events that would have put her on notice of the need to train or supervise the other defendants.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Accordingly, for the reasons stated above, the magistrate judge **RECOMMENDS** that all claims in this action, **except the excessive force claim against Officer Victorrus Felder**, be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1). The magistrate judge further **RECOMMENDS** that the excessive force claim against defendant Felder be referred to the undersigned magistrate judge for further proceedings.

Plaintiff may file specific written objections to this report and recommendation within fifteen (15) days from the date it is filed in the office of the Clerk. Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fifteen (15) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal. Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. Objections not meeting this specificity requirement will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is **DIRECTED** to serve a copy of this report and recommendation upon the plaintiff.

**DATED**, this 5th day of December, 2013.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge